IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3068-FL

| | |
|---|---|
| KEITH HARNED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| WARDEN SARA M. REVELL, | ) |
| ASSOCIATE WARDEN CAMPOS, | ) |
| ASSOCIATE WARDEN HISCOCKS, | ) |
| DR. JIMENEZ, DR. C. DUCHESNE, | ) |
| DR. T. ANSARI, DR. J. LINZAU, | ) |
| NURSE R. CLIFTON, and P.A. A. | ) |
| CARTER, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff filed this action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) and the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2672, *et seq.* The matter comes before the court on plaintiff's motions to amend (DE 35, 67), motion for entry of default (DE 47), motion to strike (DE 51), motion to withdraw motion for entry of default (DE 54), and motion to appoint counsel (DE 60). Also before the court is defendant Dr. J. Linzau's ("Linzau") motion for leave to file an answer (DE 49). Defendant Linzau responded to plaintiff's motions to amend, motion for entry of default, and motion to strike. Plaintiff responded to defendant Linzau's motion for leave to file an answer. In this posture, the issues raised are ripe for adjudication.

A.      Motions to Amend

Plaintiff filed two motions to amend his complaint to supplement the allegations in this action. Plaintiff requires leave of court to amend his complaint. See Fed. R. Civ. P. 15(a)(2). Leave to amend must be freely given when justice so requires, and will be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). This action is in its early stages and discovery has not yet been conducted. As a result, the court finds that justice requires that plaintiff be permitted to amend his complaint to supplement his allegations. Thus, plaintiff's motions to amend are GRANTED.

B.      Timeliness of Defendant Linzau's Answer to Plaintiff's Amended Complaint

Plaintiff filed a motion for entry of default and motion to strike asserting that defendant Linzau's response to plaintiff's amended complaint is untimely. Plaintiff subsequently moved to withdraw his motion for entry of default and acknowledged that it is possible he improperly served the amended complaint on defendants. For good cause shown, the court GRANTS plaintiff's motion to withdraw his motion for entry of default and DENIES as moot plaintiff's motion for entry of default and motion to strike.

C.      Motion for Leave to File an Answer

Defendant Linzau filed a motion for leave to file an answer. For good cause shown, defendant Linzau's motion is GRANTED. See Fed. R. Civ. P. 6(b); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988).

D.  Motion to Appoint Counsel

Plaintiff requests that the court appoint him counsel to assist with litigating this action. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

In summary, plaintiff's motions to amend (DE 35, 67) and motion to withdraw motion for entry of default (DE 54) are GRANTED. Plaintiff's motion to appoint counsel (DE 60) is DENIED and plaintiff's motion for entry of default (DE 47) and motion to strike (DE 51) are DENIED as MOOT. Finally, defendant's motion for leave to file an answer (DE 49) is GRANTED.

SO ORDERED, this 2nd day of December, 2014.

LOUISE W. FLANAGAN
United States District Judge