IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3068-FL

| | | |
|---|---|---|
| KEITH V. HARNED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| WARDEN SARA M. REVELL, | ) | |
| ASSOCIATE WARDEN CAMPOS, | ) | |
| ASSOCIATE WARDEN HISCOCKS, | ) | |
| DR. JIMENEZ, DR. C. DUCHESNE, DR. | ) | |
| T. ANSARI, DR. J. LINZAU, NURSE R. | ) | |
| CLIFTON, and P.A. A. CARTER, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2672, *et seq*. The matter comes before the court on plaintiff's unopposed motion for extension of time to file a reply (DE 70) and two motions for an extension of time to file a second amended complaint (DE 77, 78). Finally, before the court are defendants' respective motions to dismiss (DE 28, 72) and motion for summary judgment (DE 43). The motions were fully briefed. In this posture, the issues raised are ripe for adjudication.

The court begins with plaintiff's motion for an extension of time to file a reply to defendant Linzau's response in opposition to plaintiff's July 8, 2014, and November 19, 2014, motions for leave to amend his complaint. On December 3, 2014, the court granted plaintiff's motions for leave

to amend. Because the court already granted plaintiff's motions, plaintiff's request for an extension of time to file a reply is DENIED as MOOT.

The court now turns to plaintiff's motions for an extension of time to file a second amended complaint. Plaintiff's pleadings are not a model of clarity. It appears that plaintiff requests an extension of time to file an amended pleading in accordance with the court's December 3, 2014, order granting him leave to amend his complaint. Plaintiff states that he intends to provide supplemental facts to support his current claims as well as new claims in his forthcoming amended complaint. For good cause shown, the court GRANTS plaintiff's motion, and allows him until February 16, 2015, to file his second amended complaint. Further, in order to avoid confusion and to clarify the record, the court notifies plaintiff that his amended complaint will be considered his complaint in its entirely, and the court will not review plaintiff's other filings to glean any misplaced claims. The court will review plaintiff's amended complaint to determine whether severance of any claims is appropriate. See Fed. R. Civ. P. 18(a), 20(a)(2).

Because the court has permitted plaintiff to file a second amended complaint, defendants' respective pending motions to dismiss (DE 28, 72) and motion for summary judgment (DE 43) are DENIED without prejudice. Although the court denied as moot defendants' motion for summary judgment (DE 43), the court finds it appropriate to address a noted issue with respect to several affidavits defendants submitted in support of their motion for summary judgment. Specifically, several of defendants' supporting affidavits discuss plaintiff's medical care at the Federal Medical Center in Butner, North Carolina, but do not provide citations to the relevant portions of plaintiff's medical records. It is the responsibility of the party seeking summary judgment to present to the court the basis for the motion and to identify the parts of the record which demonstrate the absence

2

of a genuine issue of material fact.  See Celotex Corp v. Catrett, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by [] citing to particular parts of the materials in the record . . . .").  Accordingly, any future affidavits discussing plaintiff's medical care must cite to the relevant portions of plaintiff's medical records, and the relevant medical records must be provided.

In summary, plaintiff's motion for an extension of time to file a reply (DE 70) is DENIED as MOOT.  Plaintiff's motions for an extension of time to file his second amended complaint (DE 77, 78) are GRANTED, and plaintiff has until February 16, 2015, to file his second amended complaint.  Defendant Linzau's motions to dismiss (DE 28, 72) are DENIED as MOOT.  The remaining defendants' motion for summary judgment (DE 43) also is DENIED as MOOT.

SO ORDERED, this 13th day of February, 2015.

/s/ Louise W. Flanagan
_____
LOUISE W. FLANAGAN
United States District Judge